1  **WO**

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

Michael Gerard Schottenbauer,        )    No. CIV 15-017-TUC-DCB (LAB)

9                                     )

          Petitioner,                 )    **REPORT AND RECOMMENDATION**

10                                    )

vs.                                   )

11                                    )

Charles L. Ryan; et al.,             )

12                                    )

          Respondents.                )

13                                    )

_____      )

14

15          Pending before the court is a petition for writ of habeas corpus filed on January 15, 2015,

16   by Michael Gerard Schottenbauer, an inmate confined in the Arizona State Prison Complex in

     Buckeye, Arizona.  (Doc. 1)

17

            Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate

18

     Judge Bowman for report and recommendation.  LRCiv 72.2(a)(2).

19

            The Magistrate Judge recommends the District Court, after its independent review of the

20

     record, enter an order dismissing the petition.  It is time-barred.

21

22

            Summary of the Case

23

            On May 19, 1995, Schottenbauer was convicted after a jury trial of "two counts of child

24

     molestation and one count of sexual conduct with a minor under the age of 14."  (Doc. 1, p. 1);

25

     (Doc. 12-2, p. 27)   On June 20, 1995, the trial court sentenced Schottenbauer to "consecutive

26

     prison terms totaling 39 years."  (Doc. 12-2, p. 27);  *see also* (Doc. 12-1, pp. 2-9)

27

28

On direct appeal, Schottenbauer challenged the trial court's denial of his motion to suppress his videotaped confession. (Doc. 12-2, p. 28)  He argued his confession was coerced because he was encouraged to confess by his sister, Elizabeth Schottenbauer.  (Doc. 12-1, pp. 17-21)  Earlier that day, Elizabeth had spoken with detectives who told her that if Schottenbauer confessed, he would get intensive counseling or intensive probation.  *Id.*  The Arizona Court of Appeals affirmed Schottenbauer's convictions and sentences on June 11, 1996.  (Doc. 12-2, p. 27)  His motion for reconsideration was denied on July 2, 1996.  (Doc. 12-2, p. 42)  The Arizona Supreme Court denied Schottenbauer's petition for review on December 23, 1996.  (Doc. 12-3, p. 24)  It does not appear that Schottenbauer filed a petition for review with the U.S. Supreme Court.

On February 11, 1997, Schottenbauer filed his first notice of post-conviction relief.  (Doc. 12-3, p. 26)  The trial court summarily dismissed the petition on June 26, 1997.  (Doc. 12-4, p. 42)  Schottenbauer appealed raising the claim that his sentence was cruel and unusual punishment.  (Doc. 12-4, pp. 44-47)  He also filed an addendum pro se in which he argued three of the state's witnesses were mentally unstable.  (Doc. 12-4, pp. 12-28)  The Arizona Court of Appeals granted review but denied relief on April 30, 1998.  (Doc. 12-5, p. 16)  The court noted that Schottenbauer's claims against the state's witnesses were based on information he had well before trial.  (Doc. 12-5, p. 17)

More than eleven years later, on February 18, 2010, Schottenbauer filed a second notice of post-conviction relief.  (Doc. 12-5, p. 30)  He argued he uncovered "newly discovered facts" in case reports and victim interview transcripts that would have constituted reasonable doubt had they been raised at trial.  (Doc. 12-5, p. 31)  He further argued he had "new evidence" from his son, Christopher, that the victim lied so she could live with her mother and that Elizabeth Schottenbauer colluded with the detectives to coerce the defendant's confession.  (Doc. 12-5, p. 31)  The trial court summarily dismissed the notice on March 5, 2010 because Schottenbauer "raise[d] no new issue, legal or factual, that could not have been addressed through his first Petition for Post-Conviction Relief."  (Doc. 12-5, p. 30)  The Arizona Court of Appeals

1   summarily dismissed his petition for review on September 7, 2010 for failing to file a petition

2   in compliance with the rules.  (Doc. 12-5, pp. 36, 38)

3   On July 2, 2012, Schottenbauer filed a third notice of post-conviction relief.  (Doc. 12-6,

4   p. 20); *but see* (Doc. 12-7, p. 52)  Appointed counsel was unable to find any meritorious issues

5   and asked that Schottenbauer be permitted to file a petition pro se.  (Doc. 12-6, p. 25)

6   Schottenbauer filed a petition on October 16, 2012 arguing trial counsel was ineffective for

7   failing to evaluate properly the state's plea offer.  (Doc. 12-6, p. 28, 33)  On January 18, 2013,

8   the trial court denied the petition ruling that all issues "either should have been raised or were

9   previously raised . . . and are therefore barred from additional consideration by the rule." (Doc.

10  12-7, p. 53)  On May 30, 2013, the Arizona Court of Appeals granted review but denied relief.

11  (Doc. 12-8, p. 16);  *State v. Schottenbauer*,  2013 WL 2395048, 1 (Ariz.App. 2013).   On

12  January 21, 2014, the Arizona Supreme Court denied review.  (Doc. 12-9, p. 34)

13  On January 15, 2015, Schottenbauer filed the pending petition for writ of habeas corpus

14  pursuant to 28 U.S.C. § 2254.  (Doc. 1)  His petition consists of four claims, which raise in turn

15  the arguments he made in his direct appeal and his first, second, and third post-conviction relief

16  proceedings.  *Id.* He claims (1) the trial court should have suppressed his involuntary

17  confession,  (2) trial counsel was ineffective for (a) failing to call his friends, the Van Dykes,

18  to testify, (b) failing to investigate the backgrounds of the state's witnesses, and (c) failing to

19  investigate and argue the totality of the circumstances surrounding the false allegations and his

20  coerced confession,  (3) trial counsel was ineffective for (a) failing to argue that his sister,

21  Elizabeth, was a state actor when she coerced him into confessing, (b) failing to call his friends,

22  the Van Dykes, to testify, and (c) failing to call a brain expert to testify about his motorcycle

23  injury, and (4) trial counsel was ineffective for failing to evaluate properly the state's plea offer.

24  *Id.*

25  On April 23, 2015, the respondents filed an answer arguing among other things that the

26  petition is time-barred.  (Doc. 12)  Schottenbauer filed a reply on July 23, 2015.  (Doc. 15)  The

27  respondents are correct.  The petition is time-barred.

28

1

<u>Discussion</u>

2      The writ of habeas corpus affords relief to persons in custody in violation of the

3 Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  The petition,

4 however, must be filed within the applicable statute of limitations or it will be dismissed.  The

5 statute reads in pertinent part as follows:

6      (1)    A 1-year period of limitation shall apply to an application for a writ of
              habeas corpus by a person in custody pursuant to the judgment of a State
7             court.  The limitation period shall run from the latest of--

8             (A)    the date on which the judgment became final by the conclusion of
                     direct review or the expiration of the time for seeking such review;
9
              (B)    the date on which the impediment to filing an application created
10                   by State action in violation of the Constitution or laws of the
                     United States is removed, if the applicant was prevented from filing
11                   by such State action;

12            (C)    the date on which the constitutional right asserted was initially
                     recognized by the Supreme Court, if the right has been newly
13                   recognized by the Supreme Court and made retroactively
                     applicable to cases on collateral review; or
14
              (D)    the date on which the factual predicate of the claim or claims
15                   presented could have been discovered through the exercise of due
                     diligence.
16

17      (2)    The time during which a properly filed application for State
              post-conviction or other collateral review with respect to the pertinent
18            judgment or claim is pending shall not be counted toward any period of
              limitation under this subsection.
19

20 28 U.S.C. § 2244(d).  The "one-year statute of limitations . . . applies to each claim in a habeas

application on an individual basis."  *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

21
       Claim (1) was raised for the first time in Schottenbauer's direct appeal.  Accordingly, the
22
limitation period for Claim (1) was triggered on "the date on which the judgment became final
23
by the conclusion of direct review or the expiration of the time for seeking such review."  28
24
U.S.C. § 2244(d)(1)(A).
25
       The Arizona Court of Appeals affirmed Schottenbauer's convictions and sentences on
26
June 11, 1996.  (Doc. 12-2, p. 27)  His motion for reconsideration was denied on July 2, 1996.
27
(Doc. 12-2, p. 42)  The Arizona Supreme Court denied Schottenbauer's petition for review on
28

1   December 23, 1996.  (Doc. 12-3, p. 24)   Schottenbauer then had 90 days to petition the U.S.

2   Supreme Court for review.  Sup. Ct. R. 13.  When he did not do so, his judgment became final.

3   *See Bowen v. Roe*,  188 F.3d 1157, 1159 (9th Cir. 1999).

4        The one-year limitation period did not start immediately, however, because

5   Schottenbauer was pursuing post-conviction relief, which tolled the running of the limitation

6   period.  *See* 28 U.S.C. § 2244(d)(2).  Tolling pursuant to § 2244(d)(2) continued until the

7   Arizona Court of Appeals denied relief on April 30, 1998.  (Doc. 12-5, p. 16)  The limitation

8   period began running the next day and expired one year later on April 30, 1999. *See also White*

9   *v. Klitzkie*,  281 F.3d 920, 923 n. 4 (9th Cir. 2002)  ("[I]t is the decision of the state appellate

10  court, rather than the ministerial act of entry of the mandate, that signals the conclusion of

11  review.").

12       Approximately 15 years later, on January 15, 2015, Schottenbauer filed the pending

13  petition in this court.  Claim (1) is time-barred.  *See also Ferguson v. Palmateer*, 321 F.3d 820,

14  823 (9th Cir. 2003)  (The limitation period is not renewed each time a petitioner files notice of

15  post-conviction relief.).

16       The facts underlying Claim (2) were known to Schottenbauer before trial.  (Doc. 12-5,

17  p. 17)  Accordingly, the limitations period for this claim was also triggered when the judgment

18  became final.  Claim (2), like Claim(1), is time-barred.  *See above*.

19       Claim (3) was presented in Schottenbauer's second post-conviction proceeding.  (Doc.

20  1, p. 10)  In this claim, Schottenbauer argues counsel was ineffective for failing to introduce

21  certain evidence at trial.  It is not clear when the facts that underlie this claim became known

22  to Schottenbauer.  The court will assume, without deciding, that they were not known to

23  Schottenbauer at the time his conviction became final. *But see* (Doc. 12-5, p. 30)  Accordingly,

24  the limitation period for this claim was triggered  "on the date on which the factual predicate

25  of the claim . . . presented could have been discovered through the exercise of due diligence."

26  28 U.S.C. § 2244(d)(1)(D).

27       The limitation period for this claim was triggered at the latest on February 18, 2010 when

28  Schottenbauer filed his second notice of post-conviction relief.  (Doc. 12-5, p. 30); 28 U.S.C.

§ 2244(d)(1)(D).  The limitation period was statutorily tolled until September 7, 2010, when his petition before the Arizona Court of Appeals was dismissed.  (Doc. 12-5, 38);  28 U.S.C. § 2244(d)(2).  The limitation period began running the next day and expired one year later on September 7, 2011.  Approximately three years later, on January 15, 2015, Schottenbauer filed the pending petition in this court.  Claim 3 is time-barred.  *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)  (The limitation period is not renewed each time a petitioner files notice of post-conviction relief.).

Claim (4) was presented in Schottenbauer's third post-conviction proceeding.  (Doc. 1, p. 11)  In this claim, Schottenbauer argues his trial counsel failed to evaluate the state's plea offer properly.  (Doc. 1, p. 11)  According to Schottenbauer, counsel did not know about his videotaped confession when the state offered a favorable plea.  *Id*.  Counsel therefore did not know how advantageous the plea really was.  *Id*.  Schottenbauer maintains that in April of 1995, trial counsel told him: "I didn't know they had that videotape.  Had I known, I would have taken the plea deal.  Damn, I wish we'd taken it now!"  *Id*.

The facts underpinning this claim were known to Schottenbauer in April of 1995, before his sentence was imposed.  (Doc. 12-1, pp. 2-9);  *see also* (Doc. 12-7, p. 53)  The limitation period for this claim was also triggered when his judgment became final.  It is also time-barred.  *See above*.

In his reply, Schottenbauer argues his petition should be considered on the merits because he has made a showing of "actual innocence."  (Doc. 15)

"Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations."  *Stewart v. Cate*,  757 F.3d 929, 937-938 (9th Cir. 2014).  "When an otherwise time-barred habeas petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the Court may consider the petition on the merits."  *Id*.  (punctuation modified).  "The Supreme Court has recently cautioned, however, that tenable actual-innocence gateway pleas are rare."  *Id*.  "A petitioner does not meet the threshold requirement unless he

persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*.   The court finds that Schottenbauer's allegation of "actual innocence" is insufficient to excuse his failure to file a timely petition.

At trial, the state introduced evidence that Schottenbauer sexually abused his stepdaughter one night when she was nine years old.  (Doc. 12-2, p. 6)  The child victim testified, and the state introduced Schottenbauer's videotaped confession in which he admitted the abuse, said "he was very sorry," and reported "I don't even feel like I deserve to be alive right now."  (Doc. 12-1, p. 21); (Doc. 12-2, pp. 10, 11, 15)  The abuse was first reported when Schottenbauer was in the hospital for eye surgery, and his children were in the temporary custody of his girlfriend, Michelle Cole. (Doc. 12-5, pp. 4-5) Schottenbauer argued at trial that his stepdaughter was unhappy with Michelle Cole and made a false accusation because she wanted to live with her mother or her grandparents.  (Doc. 12-5, p. 31)  He testified that he confessed falsely because he thought that he would get his children back if he did so.  (Doc. 12-2, p. 16, n. 6)

In the pending petition, Schottenbauer argues his son Christopher could offer additional evidence that his stepdaughter was "desperate" to escape the care of his girlfriend during his 10-day hospital stay.  (Doc. 15, p. 13)  He further argues his stepdaughter was encouraged to make a false accusation by his girlfriend, his sister, and his mother.  (Doc. 15, p. 14)  All of these women, he reports, were sexually molested, and therefore they were predisposed to see sexual abuse even where it did not exist.  Because he had previously suffered a head injury, he was easily manipulated by his sister into making a false confession based on her assurance that by doing so he would regain custody of his children.  (Doc. 15, p. 13);   He further argues his friend, Sheila A. Van Dyke, could have offered testimony supporting his allegations that his girlfriend was a poor care giver and "the setting was ripe for an accusation against Michael." (Doc. 12-5, p. 4)

The additional evidence cited by Schottenbauer in the pending petition would have strengthened his case.  Nevertheless, the court cannot conclude that had it been offered at trial

along with his confession and the victim's testimony, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See McQuiggin v. Perkins*, __ U.S. __, __, 133 S.Ct. 1924, 1928 (2013).  At trial, the victim related in detail the abuse that occurred. (Doc. 12-2, p. 16).  She remembered what she had been wearing, described the color and pattern of the bed sheets, and gave a detailed timeline of the abuse that occurred. *Id*.  Schottenbauer's videotaped confession corroborated her testimony.  He admitted to the abuse, said "he was very sorry," and reported "I don't even feel like I deserve to be alive right now." (Doc. 12-2, pp. 10, 11, 15)  A reasonable juror could have believed the victim's testimony and concluded Schottenbauer's videotaped confession was sincere. *See* (Doc. 12-2, p. 29) ("[E]very indication is that appellant was remorseful and that he was doing what his sister had told him to do, that is to tell the truth.").

Schottenbauer has not presented "evidence of innocence so strong that a court cannot have confidence in the outcome of [his] trial." *See Stewart v. Cate*, 757 F.3d 929, 937-938 (9th Cir. 2014).  His allegation of "actual innocence" is insufficient to excuse his failure to file a timely petition.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus.  (Doc. 1)  It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not timely filed, they may be deemed waived.  The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 29th day of July, 2015.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge