**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Michael Gerard Schottenbauer, | ) | |
| | ) | CV-15-017-TUC-DCB |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Charles L. Ryan, et al., | ) | **ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the local rules of practice of this Court for a Report and Recommendation (R&R) on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 16), which recommends that the Petition be denied and dismissed. The Petitioner filed Objections to the Report and Recommendation. (Doc. 21.)

**SUMMARY**

Petitioner was convicted in Pima County Superior Court, case #CR-47264, of two counts of child molestation and one count of sexual conduct with a minor under the age of fourteen. He was sentenced to consecutive prison terms totaling 39 years' imprisonment. In his Petition, Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent Petitioner raises four grounds for relief. In Ground One, Petitioner alleges he was denied his Fourteenth Amendment

right to due process because the trial court refused to suppress his allegedly involuntary confession. In Grounds Two, Three, and Four, he asserts that he was denied his Sixth Amendment right to the effective assistance of counsel.

## STANDARD OF REVIEW

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## OBJECTIONS

Primarily, Petitioner objects to the R&R because the Magistrate Judge did not give his evidence and allegations of innocence the requisite weight and consideration. On the contrary, the R&R painstakingly reviewed the allegations of innocence put forth by Petitioner and point-by-point addressed each one. *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).

Unqualifiedly, Petitioner failed to demonstrate diligence required to equitably toll the period of filing the habeas petition:

> On February 11, 1997, Schottenbauer filed his first notice of post-conviction relief. (Doc. 12-3, p. 26) The trial court summarily dismissed the petition on June 26, 1997. (Doc. 12- 4, p. 42) Schottenbauer appealed raising the claim that his sentence was cruel and unusual punishment. (Doc. 12-4, pp. 44-47) He also filed an addendum pro se in which he argued three of the state's witnesses were mentally unstable. (Doc. 12-4, pp. 12-28) The Arizona Court of Appeals granted review but denied relief on April 30, 1998. (Doc. 12-5, p. 16) The court noted that Schottenbauer's claims against the state's witnesses were based on information he had well before trial. (Doc. 12-5, p. 17) More than eleven years later, on February 18, 2010, Schottenbauer filed a second notice of post-conviction relief. (Doc. 12-5, p. 30) He argued he uncovered "newly discovered facts" in case reports and victim interview transcripts that would have constituted reasonable doubt had they been raised at trial. (Doc. 12-5, p. 31) He further argued he had "new evidence" from his son, Christopher, that

>the victim lied so she could live with her mother and that Elizabeth Schottenbauer colluded with the detectives to coerce the defendant's confession. (Doc. 12-5, p. 31) The trial court summarily dismissed the notice on March 5, 2010 because Schottenbauer "raise[d] no new issue, legal or factual, that could not have been addressed through his first Petition for Post-Conviction Relief." (Doc. 12-5, p. 30)

(R&R at 2.)

On January 15, 2015, Schottenbauer filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) His petition consists of four claims, which raise in turn the arguments he made in his direct appeal and his first, second, and third post-conviction relief proceedings. *Id*. He claims (1) the trial court should have suppressed his involuntary confession, (2) trial counsel was ineffective for (a) failing to call his friends, the Van Dykes, to testify, (b) failing to investigate the backgrounds of the state's witnesses, and (c) failing to investigate and argue the totality of the circumstances surrounding the false allegations and his coerced confession, (3) trial counsel was ineffective for (a) failing to argue that his sister, Elizabeth, was a state actor when she coerced him into confessing, (b) failing to call his friends, the Van Dykes, to testify, and (c) failing to call a brain expert to testify about his motorcycle injury, and (4) trial counsel was ineffective for failing to evaluate properly the state's plea offer. *Id*.

Here, there is ample evidence of guilt apart from the questionable evidence presented by Petitioner: At trial, the victim related in detail the abuse that occurred. (Doc. 12-2, p. 16). She remembered what she had been wearing, described the color and pattern of the bed sheets, and gave a detailed timeline of the abuse that occurred. *Id*. Schottenbauer's videotaped confession corroborated her testimony. He admitted to the

abuse, said "he was very sorry," and reported "I don't even feel like I deserve to be alive right now." (Doc. 12-2, pp. 10, 11, 15) A reasonable juror could have believed the victim's testimony and concluded Schottenbauer's videotaped confession was sincere. *See* (Doc. 12-2, p. 29) ("[E]very indication is that appellant was remorseful and that he was doing what his sister had told him to do, that is to tell the truth.").

The R&R concluded that Schottenbauer has not presented "evidence of innocence so strong that a court cannot have confidence in the outcome of [his] trial." *See Stewart v. Cate*, 757 F.3d 929, 937-938 (9th Cir. 2014). His allegation of "actual innocence" is insufficient to excuse his failure to file a timely petition.

This Court absolutely agrees with the R&R. The *Schlup v. Delo*, 513 U.S. 298 (1995) standard is demanding. The gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316.

The Motion for Appointment of Counsel will also be denied because Petitioner has more than adequately pursued this action without the need for legal counsel. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

## CONCLUSION

Accordingly, after conducting a de novo review of the record,

4

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 16) in its entirety. The Objections (Doc.21) raised by the Petitioner are **OVERRULED**. The Motion for Appointment of Counsel (Doc. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** and this action is **DISMISSED** with prejudice. Final Judgment to enter separately by the Clerk's Office. A Certificate of Appealability is likewise **DENIED**. This action is closed.

DATED this 28th day of October, 2015.

David C. Bury
United States District Judge